```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| MICHAEL L. BENNETT, | : |
|     Plaintiff, | : |
| vs. | : |
| |     CIVIL ACTION 04-0831-M |
| JO ANNE B. BARNHART, | : |
| Commissioner of | |
| Social Security, | : |
|     Defendant. | : |

## MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits.  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (Doc. 16).  Oral argument was waived in this action (Doc. 14).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision

under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born April 14, 1951.  At the time of the administrative hearing, Bennett was fifty-two years old, had completed a tenth-grade education (*see* Tr. 18), and had previous work experience as a meat packer (Tr. 44).  In claiming benefits, Bennett alleges disability due to moderate mental retardation (Doc. 13).

The Plaintiff filed an application for disability benefits on July 29, 2002, asserting disability as of December 31, 1990 (Tr. 11, 18, 35-37).[1]  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Bennett had engaged in substantial gainful activity for a period of approximately seven months which rendered him "not disabled" (Tr. 15-23).  Plaintiff requested review of the hearing decision (Tr. 120-21) by the Appeals Council, but it was denied (Tr. 3-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Bennett

---

[1] The evidence shows that Plaintiff was awarded Supplemental Security Income (hereinafter *SSI*) benefits on January 25, 2002 based on a finding that he was disabled under Listing 12.02C (*see* Tr. 19).  Following this award, Bennett filed this claim for disability, seeking retroactive benefits to a time before his disability benefits expired on September 30, 1994 (*see* Tr. 63-73).

2

alleges that the ALJ did not properly consider his disability claim in that he did not follow proper sequential evaluation analysis (Doc. 9). Defendant has responded to—and denies—this claim (Doc. 10).

The evidence shows that Plaintiff established disability, for SSI purposes, as of September 26, 2000 (*see* Tr. 57). Plaintiff now seeks disability benefits based on his having worked and paid into the social security system; to do that, however, Bennett must establish that he was disabled as of September 30, 1994, the day those benefits expired (Tr. 63-73).

Statutory law establishing the payment of disability benefits states the following:

> An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month.

42 U.S.C. § 423(b). In addition to the statutory language, social security regulations state that "[y]ou are entitled to disability benefits while disabled before attaining full retirement age . . . if . . . [y]ou have a disability, as defined in § 404.1505, or you are not disabled but you had a disability that ended within the 12-month period before the month you applied." 20 C.F.R. § 404.315(a)(3) (2005).

Plaintiff applied for disability benefits on July 29,

2002.  Benefits expired on September 30, 1994.  In his decision, the ALJ noted that Plaintiff had earned $8,985.20 in 1999, an amount in excess of the $7,200 which indicated substantial gainful activity (Tr. 19-21; *cf.* 20 C.F.R. § 404.1574(b) (2005)).  The ALJ further noted that Social Security Ruling 68-64c "emphasizes that when a claimant's insured status eligibility expires prior to his filing a [disability benefits] application, and a break exists in the 'continuity' of his period of disability, benefit entitlement cannot automatically follow" (Tr. 22).  The ALJ specifically stated that, under the regulations and S.S.R. 68-64c, "Bennett carries the initial 'burden of proving' both that he was disabled within 12 months of filing his application **and** that he was **continuously disabled** from September 30, 1994, when his insured status terminated.  The Ruling notes that 'proof of a current disability' cannot alone entitle a claimant to benefits in such circumstances" (Tr. 22) (emphasis in original).  The ALJ then concluded that Plaintiff's substantial gainful activity in 1999 precluded a finding of disability (Tr. 22).

Bennett has specifically claimed that the ALJ did not follow proper sequential evaluation analysis.  The Court notes that there is a five-step sequential evaluation process, established by the Secretary of Health and Human Services, for determining whether a person is disabled.  20 C.F.R. § 404.1520.  *See Bowen v. Yuckert*, 482 U.S. 137 (1987).  The

4

first step is a decision as to whether the claimant is engaged in "substantial gainful activity."  If the claimant has worked within the preceding year, he will be deemed to be "not disabled" under § 404.1520(b).  Step two is a determination as to whether the claimant has "a medically severe impairment or combination of impairments."  *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c).  A claimant with a non-severe impairment is deemed "not disabled."  The third step is a decision as to whether the impairment(s) meets or equals one of the listed impairments which are considered to be so severe that the claimant is conclusively presumed to be disabled and incapable of substantial gainful activity.  20 C.F.R. § 404.1520(d).  If the impairment meets the listing and durational requirement, the claimant will be considered "disabled" without consideration of the vocational factors.  The fourth step is a decision as to whether the claimant can perform work which he has performed in the past; if he can, he is deemed "not disabled" and no further analysis is required.  20 C.F.R. § 404.1520(e).  If a claimant is unable to perform past work, a determination will be made as to whether he can perform other work after consideration of age, education, past work experience, and residual functional capacity.  20 C.F.R. § 404.1520(f).  If it is determined that a claimant is or is not disabled at any point in the review, further review is unnecessary.

    The ALJ determined that because of Plaintiff's work

during 1999, he had engaged in substantial gainful activity. As Bennett had failed to demonstrate that he had not engaged in substantial gainful activity during the relevant period of time, *i.e.*, he was not continually disabled, he was deemed "not disabled" under the sequential evaluation analysis and further review was unnecessary. The Court finds that the ALJ's conclusion is supported by substantial evidence.

Bennett has also argued that the ALJ ignored Eleventh Circuit law which would have found him disabled. *See Powell on behalf of Powell v. Heckler*, 773 F.2d 1572 (11th Cir. 1985); *Ambers v. Heckler*, 736 F.2d 1467 (11th Cir. 1984). *Powell* allowed a claimant to receive benefits during periods in which he met disability status and was not engaged in "substantial gainful activity." The Court finds *Powell* inapplicable here, however, because the claimant there established his disability at a time prior to his period of substantial gainful activity; that is not the case here. *Powell* specifically states that "in evaluating disability, the Secretary has directed that if one is engaged in substantial gainful activity 'we will find that [the claimant is] not disabled *regardless* of [his] medical condition or [his] age, education, and work experience.'" *Powell*, 773 F.2d at 1576 (quoting 20 C.F.R. § 404.1520(b)) (emphasis added in *Powell*).

The Court has reviewed the ALJ's findings and conclusions and finds them supported by substantial evidence. The Court finds these conclusions supported by *Wilson v. Barnhart*, 284

F.3d 1219, 1226-27 (11th Cir. 2002) (Plaintiff was denied disability benefits because he failed to demonstrated continuous disability throughout the necessary period).

Plaintiff has brought this action, claiming that his application for disability benefits was not properly considered.  The Court finds no merit in this claim.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 12th day of August, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE